UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARTHA RETANA,**<br><br>Plaintiff,<br><br>v.<br><br>**WAL-MART STORES TEXAS, LLC.,**<br><br>Defendant. | **CIVIL ACTION NO. 3:23-CV-01216-S** |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **MARTHA RETANA**, Plaintiff, amending her complaint pursuant to Court Order with regards to parties in the matter, complaining of and against Defendant**, WAL-MART STORES TEXAS, LLC.**, and for cause of action would respectfully show the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.      Discovery in this case was initially filed in County Court, Dallas County, under Level 3 of Rule 190 of the Texas Rules of Civil Procedure, but is now governed by the scheduling order of the Federal Court.

### II. JURISDICTION AND VENUE

2.      This matter was initially filed in Dallas County Court but was removed to Federal

court based on diversity of citizenship and the amount plead by Plaintiff being over $75,000.00.

3. Relief was initially stated in Plaintiff's original petition filed in Dallas County, County Court, as required by Rule 47(b) of the Texas Rules of Civil Procedure, are sought in an amount within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff's counsel stated that Plaintiff seeks monetary relief, the maximum of which is over $1,000,000.00. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

4   Whenever in this Complaint it is alleged that a Defendant did or failed to do any act or thing, it is meant that such Defendant's governing body, directors, officers, agents, servants, employees, and/or representatives did or failed to do such act or thing and that at the time such conduct occurred, it occurred with authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of such Defendant's governing body, directors, officers, agents, servants, employees, and/or representatives.

### III.  PARTIES

5. Plaintiff is an individual who resides in Dallas, Texas, .Dallas County,

6. Defendant, WAL-MART STORES TEXAS, LLC. is a company doing business in the state of Texas and has been served with process and Answered the lawsuit and removed the lawsuit to the Federal Court.

### IV.  STATEMENT OF FACTS

7. On or about August 21, 2021, Plaintiff entered WAL-MART SUPERCENTER #2667 located at 7401 Samuell Blvd, Dallas, Dallas County, Texas 75228 for the purpose of shopping. While leaving an aisle, located in front of what appears to be the pharmacy window, Plaintiff slipped on a substance on the floor, causing her to fall, into a split.(ouch) As a result of the Defendant's and it's agents/employees negligence, Plaintiff suffered severe bodily injuries and other damages complained of herein.

8. At all times material hereto, WAL-MART STORES TEXAS, LLC. was the owner, occupier, and/or in control of the store where the incident occurred at 7401 Samuell Blvd, Dallas, Dallas County, Texas 75228 (hereinafter referred to as the "store" or the "Wal-Mart store") at the time of Plaintiff's injuries. The premises were being used for the purpose of a grocery store. The business operated on the premises was known as Wal-Mart.

9. Plaintiff was an invitee at the time the injury occurred. Plaintiff went to the Wal-Mart store for the mutual benefit of herself and the Defendant, and at the implied invitation of the Defendant.

## V. PREMISES LIABILITY

10. At all times material hereto, the Wal-Mart Defendant, acting through its personnel, agents and employees, created and/or allowed an unreasonably dangerous condition (substance on the floor) on its premises of which it knew or in the exercise of reasonable diligence should have known, and failed to use reasonable care to make the condition safe or warn Plaintiff of the condition. As a proximate result of the Wal-Mart Defendant's failure to make the condition safe or warn Plaintiff, Plaintiff suffered the serious personal injuries complained of herein.

## VI. NEGLIGENT ACTIVITY

11. At all times material to this case, Defendant acting through its administrative personnel, agents and employees, failed to do what a person of ordinary prudence in the same or similar circumstances would have done or not done. Defendant owed a duty to the Plaintiff, the Defendant breached that duty, and the Defendant's action caused the Plaintiff's injury. As a proximate result of Defendant's negligence, Plaintiff suffered the serious personal injuries complained of in this petition.

## VII. NEGLIGENCE

12. Because Plaintiff was an invitee at the time of injury, the Wal-Mart Defendant owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition,

inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

13. The Wal-Mart Defendant, acting through its personnel, agents and employees, created and/or allowed an unreasonably dangerous condition (the slippery substance on the floor) on its premises of which it knew or in the exercise of reasonable diligence should have known, and failed to use reasonable care to make the condition safe or warn Plaintiff of the condition. Constituted a breach of the duty of ordinary care owed to Plaintiff. Defendants knew or should have known that the condition on its premises created an unreasonable risk to arm to invites in that unmarked floor conditions of the premises could cause injury to those who stepped on it. Defendants filed to exercise ordinary care to reduce or eliminate this risk or wan invites regarding it. As a proximate result of the Wal-Mart Defendant's failure to make the condition safe or warn Plaintiff, Plaintiff suffered the serious personal injuries complained of herein.

14. Specifically, the Walmart Defendant breached its duty in one or more of the following ways:

a. Failing to inspect the premises on a regular basis;
b. Failing to correct or warn of the dangerous conditions;
c. Failing to remove hazardous conditions;
e. Failing to place signs or other warning devices warning invitees;
f. Failing to provide adequate instructions to invitees to avoid injury;
g. Failing to exercise reasonable care in establishing and maintaining a premise free of hazards;
h. Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment;
i. Failing to supervise its agents, servants, and employees to ensure the safety of invitees; and
j. Failing to adequately train its employees to follow policy and procedure.

15. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.

16. Each of the foregoing acts and omissions, either taken singularly or in combination with others, constituted negligence, which proximately and directly cause the incident in questions and Plaintiffs injuries and damages.

## VIII. DAMAGES

17. As a proximate result of Defendant's negligence, Plaintiff suffered severe injuries. Plaintiff suffered the following damages:

   i. Medical care in the past;
   ii. Medical and healthcare expenses which, in all reasonable probability, will be incurred in the future;
   iii. Physical pain and suffering in the past;
   iv. Physical pain and suffering which, in all reasonable probability, will be incurred in the future;
   v. Mental anguish suffered in the past;
   vi. Mental anguish which, in all reasonable probability will be suffered in the future;
   vii. Disfigurement in the past;
   viii. Disfigurement which, in all reasonable probability, will be suffered in the future;
   ix. Impairment in the past;
   x. Impairment which, in all reasonable probability, will be suffered in the future;
   xi. Loss of income and earning capacity in the past; and
   xii. Loss of income and earning capacity which, in all reasonable probability, will be suffered in the future.

18. Plaintiff additionally may seek exemplary damages as allowed by Chapter 41 of the Texas Civil Practice & Remedies Code if discovery discloses this level of negligence by Defendant.

## IX. CONDITIONS PRECEDENT

19. Pursuant to Rule 9(c) of the Federal Rules of Civil Procedure, Plaintiff hereby alleges all conditions precedent have been performed or have occurred.

## X. U. S. LIFE TABLES

20. Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI. COSTS AND INTEREST

21. It was necessary for Plaintiff to expend money as costs of Court requisite to prosecute this cause of action. Therefore, an award of these costs to Plaintiff is authorized by Rule 54(d)(1) of the Federal Rules of Civil Procedure. Plaintiff is also entitled to prejudgment and post-judgment interests as allowed by law.

## XII. JURY DEMAND

22. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby makes demand and application for jury trial.

## XIII. PRAYER

23. WHEREFORE, PREMISES CONSIDERED, Plaintiff, **MARTHA RETANA**, respectfully requests that Defendant be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

  i.   Actual damages;
  ii.  Prejudgment and post judgment interest as allowed by law;
  iii. Costs of suit; and
  iv.  Any further relief, either in law or equity, to which Plaintiff is justly entitled.

Respectfully submitted,
**THE LAW FIRM OF AARON A. HERBERT**

BY:_____
MARISSA A. MAGGIO
State Bar No. 00798343
efile@texaslegaladvice.com
8330 LBJ Freeway, STE 700
Dallas, Texas 75243
Phone  (214)347-4259
Fax    (214)347-4269

**ATTORNEY FOR PLAINTIFF**